ORDERED ACCORDINGLY.

Dated: September 17, 2010

_____
**GEORGE B. NIELSEN, JR**
U.S. Bankruptcy Judge
_____

# TIFFANY & BOSCO
### P.A.
**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-21376

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Nathan D. Garvin and Janelle Garvin<br>        Debtors.<br>_____<br>Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc.<br>        Movant,<br>  vs.<br><br>Nathan D. Garvin and Janelle Garvin, Debtors, Lawrence J. Warfield, Trustee.<br><br>        Respondents. | No. 2:10-BK-21883-GBN<br><br>Chapter 7<br><br>ORDER<br><br>(Related to Docket #14) |

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated December 21, 2007 and recorded in the office of the Navajo County Recorder wherein Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc. is the current beneficiary and Nathan D. Garvin and Janelle Garvin have an interest in, further described as:

> Lot 23, RIM VIEW, According To Book 8 Of Plats, Page 8, Records Of Navajo County, Arizona.
>
> Except 50% Of All Oil, Gas And Minerals As Reserved in Deed Recorded In Docket 133, Page 377.

IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.